[No. 12522.   In Bank. — May 27, 1889.]

M. C. TAYLOR, APPELLANT, v. NORTH STAR GOLD MINING COMPANY, RESPONDENT.

CORPORATION — LIABILITY FOR MONEY BORROWED TO PAY EXPENSES INCIDENTAL AND COLLATERAL TO ACT WHICH IS ULTRA VIRES — ASSESSMENT. — In the absence of fraud, a corporation is liable for money borrowed from one of its stockholders for the payment of expenses which were collateral and but incidental to an act which may have been *ultra vires*, such expenses not being inseparably connected with the main act. Being liable for such money, the corporation could levy an assessment to pay it.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. W. Kitts, Cross & Simonds,* and *T. M. Osment,* for Appellant.

*A. W. Thompson, Thompson & Thompson, Niles Searls,*
and *Gaylord & Searls,* for Respondent.

HAYNE, C.—This was an action to set aside an assessment sale of mining stock. It is admitted that the assessment proceedings were regular. The material facts upon which the objections to the sale are based are as follows: "The defendant was a corporation organized for the purpose of mining for the precious metals. Success did not attend its operations, and business was discontinued. The organization, however, was preserved. The secretary was continued at a small salary, and the taxes had to be paid upon the property. In this condition of affairs one of the largest stockholders organized a scheme by which it was hoped to give value to the property. In substance it was this: The corporation acquired the works of an adjoining mine called the Scotia, which also had abandoned business, and transferred these works and its own mine to a new corporation called the North Star Mining Company, which raised money for renewed work upon said mine. The consideration which the defendant received for the transfer of its property consisted of stock in the new corporation. In the course of the transaction the defendant incurred indebtedness as follows: For the services of an attorney at law, $800; and for incidental expenses in and about the transaction, such as the employment of an expert, a broker, traveling expenses, and the like, $2,020. These sums, together with that due to the secretary and for taxes on the mine, amounted to $3,940. Some question is attempted to be raised as to whether the defendant authorized the incurring of a part of these expenses. But the services and expenditures were incurred on behalf of the corporation, and with its knowledge, and it raised no question as to their having been authorized, but borrowed money from one of its stockholders to pay what was due for them. It was to pay the money so borrowed that the assessment

was levied. The plaintiff knew of the whole transaction while it was going on, and made no objection thereto. The undertaking was a success, and the property became very valuable.

The plaintiff does not seek to have anything set aside except the assessment sale. His main positions are, that there was fraud, and that the disposal of the property of the company for stock in another corporation was *ultra vires*. The findings, however, negative the charge of fraud, and the evidence is sufficient to support the findings. We do not think that the question of *ultra vires* arises in the case, and we express no opinion in regard to it. There having been no fraud, the company could not refuse to pay the money which it had borrowed, on the ground that it was borrowed for the purpose of being used, and was used, for the payment of expenses which were incidental to an act which was *ultra vires*. (*Bradley* v. *Ballard,* 55 Ill. 413; 7 Am. Rep. 656.) It is possible that there may be cases where ancillary operations are so inseparably connected with the main act that they would have to fall with it; but we do not think that this case presents features of that character. The company was legally liable for the money borrowed, and had power to levy an assessment to pay for it. The other matters do not require special notice, and we therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.